# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JESSE DABBS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD DABBS, )<br><br>Plaintiff, )<br><br>vs. )<br><br>STATE FARM FIRE AND CASUALTY COMPANY, )<br><br>Defendant. ) | CIVIL ACTION NO: CV-_____ |

## NOTICE OF REMOVAL

COMES NOW the defendant, **State Farm Fire and Casualty Company** (hereinafter "State Farm"), and removes this cause to the United States District Court for the Northern District of Alabama, Southern Division, respectfully showing unto this Court as follows:

1.  This civil action was filed on May 3, 2011 in the Circuit Court of Jefferson County, Alabama and was pending in that state court as CV-2011-901532 at the time of this removal. According to records of the Circuit Court of Jefferson County, State Farm was served with the summons and complaint on May 6, 2011. Accordingly, this notice of removal is filed within the thirty-day period of time prescribed by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stinging, Inc.*, 119 S. Ct. 1322 (1999) (service of the summons and complaint begins the thirty-day period for removal). Pursuant to 28 U.S.C. § 1446(a), a true, correct, and legible copy of all records and proceedings in the state court is attached hereto as **Exhibit A**.

## Complete Diversity of Citizenship Exists Between the Parties.

2.  This Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, in that there is diversity of citizenship among the real parties in interest as follows:

(a) The Plaintiff, Jesse Dabbs, as Personal Representative of the Estate of Richard Dabbs, Deceased, is a citizen of the State of Alabama, since the plaintiff's decedent is alleged to have been a resident of the State of Alabama. *See* Compl., ¶¶ 5-6; 28 U.S.C. § 1332 (c)(2).

(b) The Defendant, State Farm, is a citizen of the State of Illinois, since it is a corporate entity headquartered in the State of Illinois. *See* Compl., ¶ 8; 28 U.S.C. § 1332 (c)(1).

(c) The citizenship of the various fictitiously-pleaded defendants is to be ignored for purposes of removal. *See* Compl., ¶ 9; 28 U.S.C.§ 1441 (a).

## The Amount in Controversy Exceeds $75,000.00.

3.  In addition to diversity of citizenship among the parties to this cause, this Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, in that there is a sufficient jurisdictional amount in controversy. Plaintiff requests an unspecified amount in judgment against State Farm for its alleged breach of contract regarding State Farm's denial of a fire loss claim on a policy of insurance issued by State Farm on subject house owned by the plaintiff's decedent, Richard Dabbs, in Mt. Olive, Alabama. *See* **Exhibit A,** Compl., ¶ 32. Accordingly, where, as here, the Complaint does not specify the amount of damages being sought, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N.*

*Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or *readily deducible* from them, then the court has jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) (emphasis added). Furthermore, the district court is allowed to make "reasonable deductions, reasonable inferences, and other reasonable extrapolations," and may even exercise its *"judicial experience and common sense"* in determining the jurisdictional amount has been established. *See Roe*, 613 F.3d at 1061–62 (internal quotations and citations omitted) (emphasis added). The requisite jurisdictional amount is readily deducible in this case.

4. In establishing the jurisdictional amount, State Farm may introduce affidavits and other proper documents. As held in *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010),

> The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper. (Citations omitted.)

5. As of the January 22, 2010 fire damage loss, the State Farm homeowners policy on the subject house provided dwelling coverage of $98,300 and contents coverage of $73,725. *See* **Exhibit B**, Affidavit of Lloyd Renfrow, ¶ 4  The amount of the repair estimate submitted by Richard Dabbs at his May 20, 2010 Examination Under Oath for the repair of the fire damage to the subject house was $91,107.36, well within the available State Farm insurance coverage. *See* **Exhibit B**, Renfrow Aff., ¶ 4. Further, there was no mortgage debt owed on the subject property. *See* **Exhibit B**, Renfrow Aff., ¶ 4.

6. The gravamen of the plaintiff's complaint is that State Farm breached the contract of insurance and committed related torts when it denied and refused to pay the plaintiff's claim

for insurance benefits arising from a fire at the plaintiff's insured residence. The plaintiff's decedent himself established the value of his dwelling coverage claim to be $91,107.36. That $91,107.36 repair estimate of Pate & Company, Inc. clearly evidences that the amount in controversy exceeds the jurisdictional requirement of this Court, even without consideration of additional damages for State Farm's alleged bad faith and outrage. To perfect removal, State Farm must only show that "if the plaintiff[] prevail[s] on liability, they will more likely than not be awarded over $75,000." *See SUA Ins. Co. v. Class Home Builders, LLC*, No. 10-0388-WS-C, 2010 WL 4664968, at * 6 (S.D. Ala. Nov. 17, 2010) (citation omitted). Additionally, "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Id.* (quoting *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). In summary, the $91,107 repair estimate itself is well in excess of the jurisdictional requirement, while the potential recovery of damages for bad faith and outrage further substantiates that the jurisdictional amount in controversy has been established.

### Removal Perfected

7. As set forth above, diversity of citizenship exists between the parties in this case, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, the action is removed to this Court.

### Notice Provided to the State Court.

8. In accordance with 28 U.S.C. § 1446(d), State Farm has caused a copy of this Notice of Removal to be filed with the Clerk of the Circuit Court of Jefferson County, Alabama. *See* **Exhibit C**, which is a copy of the aforesaid Notice

Respectfully submitted,

_____
Bert S. Nettles (NET001)
C. Dennis Hughes (HUG034)
Maridi L. Thompson (THO211)
Attorneys for Defendant State Farm
Fire and Casualty Company

**OF COUNSEL:**

HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.
2001 Park Place, Suite 1400
Birmingham, Alabama 35203
Telephone: (205) 251-1000
Facsimile: (205) 324-1133

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Notice of Removal upon all counsel of record by placing a copy of the same in the United States mail, first class postage prepaid and addressed as follows, this the 1 day of June, 2011.

James S. Roberts, Jr.
Towns, Woods & Roberts, P.C.
P. O. Box 96
Gardendale, Alabama 35071

_____
Of Counsel